Jay R. KURTH, Petitioner,

v.

John E. BENNETT, Warden, Iowa State Penitentiary.

No. 16421.

United States Court of Appeals Eighth Circuit.

Feb. 5, 1960.

Jay R. Kurth, pro se.

Marion R. Neely, Asst. Atty. Gen., for John E. Bennett.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner is under conviction and sentence by the Iowa state courts for having knowingly and fraudulently drawn and uttered a check, when he had neither arrangement, understanding nor funds with the bank for its payment, thereby violating 1954 Code of Iowa § 713.2, I.C.A.

He sought a writ of habeas corpus in the federal district court, on allegations that his conviction was based on perjured testimony knowingly used by the prosecuting attorney, and that he had exhausted his state remedies in relation thereto. The district court denied his petition without a hearing and also refused him a certificate of probable cause under 28 U.S.C.A. § 2253 as a basis for enabling him to take an appeal.

He then made application to this court for the issuance of a certificate of probable cause. From the nature of the offense of which he had been convicted, and from the implications of the statements in his petition, it seemed to us that what he was attempting to get a federal court to do was to engage in a hearing on and make a determination of the truth or falsity of the evidence underlying his conviction, when this inherently had constituted the very question which the jury was required to resolve in arriving at its result, and when petitioner had no other elements on which to predicate his charge that the testimony was false and that the prosecution so knew than those which had been before the jury on the trial.

To be certain that this actually was the situation, before we passed on petitioner's application for a certificate of probable cause, we invited the Attorney General of Iowa to make response to petitioner's application and permitted petitioner to file reply thereto. From the things which are before us, it is clear, beyond challenge, that the primary question, on which the issue as to his having committed an offense turned, was whether there had or had not been an agreement or understanding between petitioner and the bank that the out-of-

town checks with which he had undertaken to open his account, and the other similar checks which he thereafter undertook to deposit in the account, were being accepted by the bank on a collection basis only, and not in general credit to his account, so that he had no right to issue checks in relation to them until they had cleared and the proceeds had been credited to his account. The prosecution's evidence and the testimony of the bank's officers were to the one effect, and that of petitioner to the other.

Thus, his attempt to have a federal court determine whether the bank's officers were telling the truth or had testified falsely, predicated on the same basis and elements of consideration as were necessarily involved in the jury's disposition of that question on his trial, amounts in the present situation to nothing more legally than an effort to obtain a retrial by another tribunal of a question on which he has had his day in court and on which there has been an adjudication against him.

A charge that perjured testimony has been used to convict and that the prosecution had knowledge thereof is without basis for a hearing by a federal court as to a state conviction, where it conclusively appears that the petitioner has no elements of evidence with which to establish his claim of falsity than those which were before the state court on his trial, and that, from the nature of the issues involved in the prosecution, such elements necessarily called for a resolution of their truth by the jury as a basis for arriving at a conviction.

If this were not so, then the door would be open to every state prisoner to obtain a habeas corpus hearing in the federal courts.

On the grounds indicated, we denied petitioner's application for a certificate of probable cause. He has now filed a petition for rehearing and made request for an en banc consideration. Under our Rule 15(e), 28 U.S.C.A., his request for consideration by the court en banc is denied, and his petition for rehearing is overruled.