**Jay R. KURTH, Petitioner,**

v.

**John E. BENNETT, Warden, Iowa State Penitentiary, Respondent.**

**No. 16598.**

United States Court of Appeals
Eighth Circuit.

Sept. 30, 1960.

Jay R. Kurth, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner has made application to have a certificate of probable cause issued to him by a judge of this Court, under 28 U.S.C.A. § 2253, to enable him to take an appeal from an order of the United States District Court for the Southern District of Iowa denying his petition for a writ of habeas corpus.

This is the second habeas corpus proceeding in which petitioner has sought to have a certificate of probable cause issued to him by a judge of this Court. Our denial of such a certificate in his

previous proceeding is reported in Kurth v. Bennett, 8 Cir., 274 F.2d 409.

His present petition for a writ is predicated on the same ground as his previous one—that perjured testimony had been knowingly used by the State of Iowa to indict and to convict him. The offense which he was charged with and found guilty of committing was that of drawing and uttering a check upon a bank, without having at the time any funds, arrangement or understanding with the bank for its payment, in violation of 1954 Code of Iowa, § 713.2, I.C.A. The perjured testimony which he claims was used against him was that of an officer of the bank on which the check was drawn, who declared that there were no funds in the bank to pay the check at the time it was issued.

We pointed out in our previous opinion that it was necessary for the jury to resolve the truth or falsity of this testimony in making determination of the question of petitioner's guilt; that the claim made in his habeas corpus petition that the testimony was perjurious was "predicated on the same basis and elements of consideration as were necessarily involved in the jury's disposition of that question on his trial"; and that, with "no elements of evidence with which to establish his claim of falsity than those which were before the state court on his trial", his petition for a federal writ amounted to "nothing more legally than an effort to obtain a retrial by another tribunal of a question on which he has had his day in court and on which there has been an adjudication against him". 274 F.2d at page 411.

His present petition for a writ is similarly subject to these declarations. As in the case of his previous petition, he is seeking to have a federal court grant him a hearing and make a determination of the truth or falsity of the bank officer's testimony (the matter of falsity necessarily having to be found to exist before the question of knowing use would be important), when admittedly he has nothing more as a basis for his contention of falsity than the same elements of evidence which were before the jury, and when the jury on the conflicting elements thus before it has appraised and accepted the bank officer's testimony as being true and rejected petitioner's contention of falsity as not constituting the fact.

The present petition for a writ goes beyond the previous one only in setting out more fully the aspects of the evidence on the trial which petitioner claims disproves the bank officer's testimony and demonstrates the existence of funds in his account at the time of his issuance of the check involved. He particularly relies upon a ledger sheet covering his account, which on its face reflected a purported deposit credit. But the bank officer explained on the trial that this was simply a book credit or record of the out-of-town checks which petitioner had deposited, which it was agreed that the bank would take for collection; and against which petitioner was to have no right to issue checks or make withdrawals for a period of seven days thereafter, when it was certain that the deposited instruments would have cleared. The jury concluded that this qualification existed as to the checks which petitioner had deposited, and that thus the bank officer's testimony was true that the check involved in his prosecution had been issued by petitioner without funds in his account to cover it.

■ Due process does not give a state prisoner the right to have the truth or the falsity of testimony used against him on his trial determined by a federal court, as part of a charge by him of knowing use of perjury by the state prosecutor, where the question of the truth of the testimony has been involved and resolved as an incident of the trial, and where the attempt is to obtain a determination from the federal court on the very same elements of evidence, and nothing more, which were before the state court in its resolution of the fact.

■ The request of petitioner to have a certificate of probable cause issued to him by a judge of this Court is accordingly denied.