

Villanova University School of Law
Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# USA v. Soto

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Soto" (2005). *2005 Decisions.* Paper 328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4767
_____

UNITED STATES OF AMERICA

v.

CARLOS LUIS SOTO
a/k/a CARLITO

Carlos Luis Soto,
Appellant

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 03-cr-00173-7
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a) October 25, 2005

Before: SLOVITER, FISHER, and ROSENN, Circuit Judges

(Filed: October 27, 2005)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Carlos Luis Soto (Soto) appeals his sentence in the United States District Court

for the Eastern District of Pennsylvania, claiming that the District Court clearly erred by

giving him a higher sentence than the judge thought appropriate because he felt compelled to follow the Federal Sentencing Guidelines. A grand jury in the Eastern District of Pennsylvania indicted Soto charging him with one count of conspiracy to distribute in excess of fifty grams of cocaine base (crack) in violation of 21 U.S.C. § 846, three counts of distribution of crack in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2, and three counts of distribution of crack within one thousand feet of a school in violation of 21 U.S.C. § 860(a) and aiding and abetting.

Soto, pursuant to a written plea agreement, pled guilty to three counts of distribution of crack cocaine and three counts of distribution of crack within one thousand feet of a school. The Government agreed to withdraw the conspiracy count at sentencing. Because Soto qualified as a career offender, the Federal Sentencing Guidelines called for 292-365 months imprisonment. At sentencing, Soto objected to the application of the Guidelines as unconstitutional in the wake of Blakely v. Washington, 542 U.S. 296 (2004). The District Court overruled this objection, found that the guidelines were binding, and sentenced Soto to 292 months of imprisonment.

After Soto filed a timely notice of appeal, his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). He sought to withdraw as counsel of record and stated that the appeal was frivolous because the record shows the court would have imposed the same sentence without the Guidelines. Soto filed a pro se brief and argues that he is entitled to resentencing and an opportunity to seek a lower sentence. The

Government agrees.

Because Soto preserved his objection to the constitutional application of the Guidelines, the District Court's sentencing decision is subject to review. Therefore, if error was committed, the burden rests on the Government to establish that the error did not affect the outcome of the case. United States v. Henry, 282 F.2d 242, 251 (3d Cir. 2002). In its brief, the Government submits that it cannot sustain its burden because the District Court applied the guidelines as mandatory. The Supreme Court held in United States v Booker, 125 S. Ct. 738 (2005), that the mandatory application of the guidelines is not constitutionally permissible.

At the sentencing hearing, the Judge stated:

> The guidelines in this matter call for a sentence of between 292 months and 365 months. . . . [Soto] has over and over again in the state system refused to get the message, and the end result of that is that he's going to pay a very, very significant price today.
>
> The guidelines provide for the sentence which I'm going to impose at the lower end of the guidelines because I think that's more than adequate to deal with the situation. I would indicate, however, that even if there were no guidelines, when you look at a record like this with five prior convictions for doing exactly the same thing, you have to reach the conclusion that a significant jail sentence is appropriate.
>
> So I'm going to sentence Mr. Soto at the bottom of the guideline range, which is approximately 24 years plus a few months, which is a very significant sentence. I think that will satisfy the ends of justice.

This language clearly suggests the possibility that the court would find a lesser sentence to be adequate and appropriate, especially in light of the command of 18 U.S.C. § 3553(a)

that the sentence be "sufficient, but not greater than necessary."

For the reasons stated above, we vacate the sentence and remand for resentencing in accordance with Booker. Because of the remand to the District Court, Counsel's request to withdraw at this time is denied.