

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# USA v. Robles

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Robles" (2008). *2008 Decisions.* Paper 1738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-3519 & 06-1261

UNITED STATES OF AMERICA

v.

RAFAEL ROBLES,
                                    Appellant No. 05-3519

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 02-cr-00552-4)
District Court: Hon. Cynthia M. Rufe

_____

UNITED STATES OF AMERICA

v.

CARLOS L. SOTO,
                                    Appellant No. 06-1261

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 03-cr-00173-7)
District Court: Hon. R. Barclay Surrick

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2007

Before: McKEE and ALDISERT, *Circuit Judges*
and RESTANI[*], *Chief Judge*

---

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

OPINION

McKEE, *Circuit Judge*.

Rafael Robles and Carlos Soto appeal the sentences that were imposed following their guilty pleas for violating federal drug laws. For the reasons that follow, we will affirm both sentences. Inasmuch as we write primarily for the parties, who are familiar with their cases, we need not set forth the factual background or procedural histories except insofar as may be helpful to our brief discussion.

## I. Discussion

Robles's and Soto's appeals are related to a third case, *United States v. Castro* (No. 06-2596), in that all three arise out of the same drug conspiracy. Since Edward Castro's appeal raises an issue pertaining to the cocaine guidelines, we will hold his appeal CAV pending the Supreme Court's decision in *Kimbrough v. United States*, 127 S. Ct. 2933 (2007). However, since that issue is not involved in the appeal of either Robles or Soto, we now decide those appeals. We address each case in turn.

A. *Rafael Robles*

In his plea agreement, Robles waived "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution." Robles now argues that the district court erred in denying his motion to withdraw his guilty plea because: (1) the district judge stated during his guilty plea colloquy that he faced a

2

statutorily prescribed minimum term of imprisonment of ten years when, in fact, he faced a statutory minimum of twenty-five years; (2) the district judge failed to ensure that the plea agreement was entered into knowingly and voluntarily; and (3) his trial counsel rendered ineffective assistance in connection to the plea agreement. The government contends the appeal should be dismissed for lack of jurisdiction in light of the waiver of the right to appeal contained in Robles's plea agreement. We agree.

Waiver of the right to appeal contained in a guilty plea deprives us of jurisdiction over an appeal, so long as it is entered into knowingly and voluntarily and does not work a miscarriage of justice. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Here, Robles does not challenge the validity of the waiver in his plea agreement. Rather, he asserts error on the basis of the district court's denial of his motion to withdraw his guilty plea. Significantly, among the reasons Robles posits in arguing that the district court should have permitted him to withdraw his guilty plea is his claim that he did not enter into the plea agreement knowingly and voluntarily. He does not, however, argue that he did not understand that he was waiving his right to appeal, nor does the record support that claim.

That omission deprives us of jurisdiction to review the district court's denial of his motion to withdraw the guilty plea. *Id*. However, even if we assume, *arguendo*, that Robles's contention that he did not enter into the plea agreement knowingly and voluntarily is sufficient to allow us to review the merits of his appeal, we would still

3

affirm the district court's order denying his petition to withdraw his plea.

"The constitutional requirement that a guilty plea be 'knowing and voluntary' is embodied in Federal Rule of Criminal Procedure 11." *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)). Pursuant to Rule 11, the district judge must "address the defendant personally in open court" and determine that he/she understands the panoply of rights attendant to trial and the ramifications of forfeiting those rights by pleading guilty. Fed. R. Crim. P. 11(b)(1). The record in this case demonstrates that the district judge did that.

In particular, the district judge asked Robles if he understood that absent the plea of guilty he could appeal a guilty verdict or his sentence, that he could have a lawyer represent him during his appeal, and that by pleading guilty under the plea agreement he forfeited his right to appeal. Robles stated that he understood the effect of waiving all of the rights outlined in Rule 11, including his right to appeal. Moreover, even the most imaginative minds would be hard pressed to fashion any of Robles's arguments into a claim that his plea agreement worked a miscarriage of justice. Thus, we must enforce waiver and dismiss Robles's appeal for lack of jurisdiction.

However, we additionally note that Robles's contention that he did not understand that pleading guilty carried a mandatory minimum sentence of twenty-five years lacks merit. Robles signed a plea agreement explaining that the charges against him carried a mandatory minimum term of imprisonment totaling twenty-five years. The government

4

also informed Robles during the change of plea hearing that the charges he was pleading guilty to required him to serve at least twenty-five years in prison. Furthermore, during the change of plea hearing the court asked Robles whether he understood the extent of the penalties the government had explained, and he responded in the affirmative.

B. *Carlos Soto*

Carlos Soto's original sentence was changed after we remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On remand, Robles was re-sentenced to 240-months imprisonment, which is more than four years less than his original sentence. *See United States v. Soto*, No. 03-cr-173, 2005 WL 28117788 (3d Cir. Oct. 27, 2005)

Although Soto has now appealed that sentence, his lawyer has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), and served a copy of that brief on his client. In the brief, counsel contends that there is no basis for an appeal and seeks to withdraw from the case. *Anders* states: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744. Counsel is nevertheless required to submit a "brief referring to anything in the record that might arguably support the appeal" with the motion to withdraw. *Id.* Moreover, we have identified two obligations that appellate counsel must satisfy under *Anders*: (1) he/she must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and (2) he/she "must

5

explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000) (citing *United States v. Tabb*, 125 F.3d 583, 585, 586 (7th Cir. 1997)). If we agree with counsel's conclusion that the appeal lacks merit, "we will grant . . . counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." Third Circuit L.A.R. 109.2(a). However, if we conclude that there is "arguable merit to the appeal, [we] will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing." *Id.*

Here, appellate counsel's *Anders* brief states that he has conducted an exhaustive review of the record, and has identified as the only arguably appealable issue whether the district court complied with *Booker* when resentencing Soto. Counsel argues that Soto's appeal lacks merit because, on remand, the district court acknowledged that Soto's original sentence of 292 months was imposed only because the guidelines were mandatory. Counsel points to the district judge's admission that, had he been permitted to do so, he would have sentenced Soto below the mandatory range. Counsel explains that the district court's sentence, which is outside the guidelines range, evidences the court's understanding that the guidelines are no longer mandatory. Additionally, counsel contends that the district court consulted the relevant sentencing factors when imposing sentence. Accordingly, we conclude that counsel has satisfied the procedural requirements necessary to submit a successful *Anders* brief. Next, we must determine whether we agree with counsel's contention that no arguably appealable issues exist.

Since *Booker*, our review of sentencing decisions has been for "unreasonableness." *Booker*, 543 U.S. at 261. "To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." *United States v. Cooper*, 437 F3d 324, 329 (3d. Cir. 2006). Beyond that, "we must also ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.*

Here, we are satisfied that the district court considered the relevant sentencing factors and reasonably applied them. When resentencing Soto, the district judge noted that the 240-month term of imprisonment: (1) "serves the ends of justice"; (2) is significant, but warranted because Soto "earned it"; and (3) is based upon Soto's criminal history and the way he has "conducted his life." Furthermore, we find that those factors were reasonably applied given Soto's guilty plea to the multiple drug charges.

Based on the foregoing, we agree with appellate counsel's *Anders* brief that Soto's appeal lacks merit. Therefore, we will affirm Soto's sentence and permit appellate counsel's motion to withdraw.

## II.

For the reasons stated above, we will affirm the District Courts.